UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

TYRONE JASON HARRIS, SR.,

    Defendant.

Case No. 3:22-cr-113

District Judge Michael J. Newman

---

**ORDER: (1) DENYING DEFENDANT'S MOTION TO REVOKE DETENTION ORDER (Doc. No. 22); AND (2) AFFIRMING THE MAGISTRATE JUDGE'S DETENTION ORDER (Doc. No. 12), WHICH REMAINS IN FULL EFFECT**

---

This criminal case is before the Court on Defendant's motion to revoke (Doc. No. 22) Magistrate Judge Caroline H. Gentry's detention order (Doc. No. 12). Defendant brings this motion under 18 U.S.C. § 3145(c). Doc. No. 22 at PageID 54.

**I.**

This case began with the filing of a complaint charging Defendant with being a felon in possession of a firearm, a violation of 18 U.S.C. § 922(g)(1). Doc. No. 1. Defendant's arrest, initial appearance, appointment of counsel, and detention soon followed. Doc. Nos. 4, 8, 9. After a detention hearing held on October 4, 2022, Judge Gentry denied Defendant a bond and issued a detention order. Doc. No. 12. She concluded the Government had shown, by clear and convincing evidence, that: (1) the nature and circumstances of his felonious possession of ammunition, including possessing indicia of drug dealing; (2) Defendant's "lengthy criminal history[,]" which included several violent and drug-related offenses; and (3) the danger to the community, taken together and weighed against Defendant's history and characteristics, favored detention under 18 U.S.C. § 3142(c). *Id.* at PageID 31–32. On October 13, 2022, a grand jury indicted Defendant

on several drug-related offenses and being a felon in possession of a firearm. Doc. No. 14. Defendant entered not guilty pleas to all charges during his arraignment.

## II.

"Under the Bail Reform Act . . ., a defendant may be detained pending trial only if a judicial officer 'finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community[.]'" *United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010) (quoting 18 U.S.C. § 3142(e)). Thus, "[t]he default position . . . is that a defendant should be released pending trial." *Id.* However, "when a 'judicial officer finds that there is probable cause to believe' that a defendant committed one of the crimes listed in section 3142(e)(3), there is a presumption in favor of detention[.]" *Id.* (quoting 18 U.S.C. § 3142(e)(3)); *see also United States v. Perez-Franco*, 839 F.2d 867, 869 (1st Cir. 1988) ("The presumption represents Congressional findings of fact concerning persons who deal in drugs and the problems of assuring their presence at trial" (citations omitted)).

In this Court, bond and detention matters are referred to Magistrate Judges to take the first look. *See* S.D. Ohio Gen. Order Dayton No. 22-01. Even after a Magistrate Judge rules on detention, he or she may revisit that decision under 18 U.S.C. § 3142(f)(2)(B). That provision allows that judge, who originally held the hearing, to "reopen[]" the hearing "at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing . . . ." 18 U.S.C. § 3142(f)(2)(B); *see also United States v. Watson*, 475 F. App'x 598, 600 (6th Cir. 2012).

Several categories govern a District Judge's review of a Magistrate Judge's order on detention. When a defendant files objections to a Magistrate Judge's detention order, "[t]he district judge must consider [the] objections . . . and modify or set aside any part of the Order that is

contrary to law or clearly erroneous." Fed. R. Crim. P. 59(a). "A party may serve and file objections to the order within 14 days after being served with a copy of a written order or after the oral order is stated on the record[.]" *Id.* "A defendant who fails to object usually has no right to challenge the magistrate judge's conclusion on appeal" or in this Court. *United States v. West*, 789 F. App'x 520, 522 (6th Cir. 2019) (first citing *Thomas v. Arn*, 474 U.S. 140, 155 (1985); and then citing Fed. R. Crim. P. 59(b)(2)); *see also United States v. George*, 573 F. App'x 465, 470 n.2 (6th Cir. 2014).

Alternatively, under 18 U.S.C. § 3145(b), "a person . . . ordered detained by a magistrate judge . . . may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the [detention] order." Section 3145(a) permits a district court to review a magistrate judge's release order, applying the same standards. *See* 18 U.S.C. § 3145(a). Unlike the review provision under Fed. R. Crim. P. 59, review under § 3145(a) or (b) is *de novo*, *see United States v. Yamini*, 91 F. Supp. 2d 1125, 1127–30 (S.D. Ohio 2000) (citing *United States v. Hazime*, 762 F.2d 34 (6th Cir. 1985)), and the statute contains no time limit on when the motion can be filed, *see United States v. Doby*, 928 F.3d 1199, 1207–08 (10th Cir. 2019); *see also, e.g.*, *United States v. Christman*, 712 F. Supp. 2d 651, 655 (E.D. Ky. 2010) ("Congress has recognized through these exceptions that taking the liberty of an individual is a grave consequence of state power and that judges must be careful to ensure that a defendant does not spend one day in prison more than justice requires under the law"). [1]

18 U.S.C. § 3145(c) provides yet another avenue for review of a magistrate judge's detention order. A defendant "subject to detention pursuant to [§] 3143(a)(2) or (b)(2), and who meets the conditions of release set forth in [§] 3143(a)(1) or (b)(1), may be ordered released, under

---

[1] Presumably, the Government's appeal to the Sixth Circuit would be governed by 18 U.S.C. § 3731.

3

appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate." 18 U.S.C. § 3145(c). In turn, release under § 3145 employs three steps. First, the defendant must be subject to mandatory detention under § 3143(a)(2) or (b)(2). Section 3143 mandates a defendant's detention "if he or she has been found guilty of one of several enumerated offenses." *United States v. Miller*, 568 F. Supp. 2d 764, 767 (E.D. Ky. 2008) (citing 18 U.S.C. § 3143(a)). Second, the defendant must meet the conditions of release under § 3143(a)(1) or (b)(2). A detainee satisfies either if "the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released[.]" 18 U.S.C. §§ 3143(a)(1), (b)(1)(A); *see also United v. Vance*, 851 F.2d 166, 168 (6th Cir. 1988).

Third, the detainee must demonstrate that "exceptional reasons" also warrant release. 18 U.S.C. § 3145(c); *see also United States v. Christman*, 596 F.3d 870, 871 (6th Cir. 2010); *United States v. Lanier*, 120 F.3d 640, 642–43 (6th Cir. 1997) (en banc) (Nelson, J., concurring); *United States v. Cook*, 42 F. App'x 803, 803 (6th Cir. 2002). "Exceptional reasons" are not defined by statute, or in Sixth Circuit precedent, but most courts find that they encompass those truly novel, unique, or rare circumstances worthy to defeat the presumption of detention. *See United States v. Sandals*, 67 F. App'x 353, 354 (6th Cir. 2003); *United States v. Wages*, 271 F. App'x 726, 728 (10th Cir. 2008) (collecting cases); *United States v. Brown*, 368 F.3d 992, 993 (8th Cir. 2004) (per curiam) (rejecting depression as a justification for release under § 3145(c)); *United States v. DiSomma*, 951 F.2d 494, 497–98 (2d Cir. 1991); *Christman*, 721 F. Supp. 2d at 654–55; *United States v. Felix*, 452 F. Supp. 3d 729, 732 (N.D. Ohio 2020) (rejecting the COVID-19 pandemic as an exceptional reason); *United States v. Mellies*, 496 F. Supp. 2d 930, 937 (M.D. Tenn. 2007)

4

(rejecting need to care for family as an exceptional reason).[2]

### III.

Defendant brings his motion under 18 U.S.C. § 3145(c). *See* Doc. No. 22 at PageID 54. However, that provision is inapplicable here because Defendant was not detained after pleading guilty. *See* 18 U.S.C. §§ 3143(a), (b); 3145(c); *Cook*, 42 F. App'x at 803 ("The release or detention of a defendant pending sentencing is governed by 18 U.S.C. § 3143"). Nonetheless, the Court shall construe Defendant's motion as a motion for review under 18 U.S.C. § 3145(b) and conduct a *de novo* review. *See, e.g.*, *Yamini*, 91 F. Supp. 2d at 1127–30.

The Court has conducted that *de novo* review of Judge Gentry's detention order in light of Defendant's objections, the arguments made by counsel, the transcript of the detention hearing, the Pretrial Services report, and the entire case record. To that end, the Court notes, and finds significant, that Defendant was charged with additional felony counts—and indicted on those counts—following Judge Gentry's detention order. *See* Doc. No. 14. Moreover, the Court agrees with Judge Gentry's conclusion and reasoning. As she noted, "the surrounding circumstances, including the drugs in the home" where Defendant was found along with "loaded firearms and ammunition"—coupled with his "attempt to flee law enforcement"—weighed in favor of detention. Doc. No. 23 at PageID 79; *see also, e.g.*, *United States v. Williams*, 948 F. Supp. 692, 696 (E.D. Mich. 1996) (presence of ammunition in defendant's residence upon execution of warrant added to clear and convincing evidence favoring detention). Neither Defendant's attendance in an online graduate school program nor his ties to this community outweighed the dangerous nature of the offense, his flight risk, or his criminal history. *See* Doc. No. 12 at PageID

---

[2] Courts have interpreted Fed. R. Crim. P. 57, the "catch-all" rule, to permit additional motions in the criminal context—something that could apply to allow a magistrate judge to review a motion for reconsideration of his or her detention or release order. *See, e.g.*, *United States v. Frazier*, 465 F. Supp. 3d 791, 796 (M.D. Tenn. 2020) (collecting cases).

30 (noting that "felonious possession of ammunition is an inherently serious offenses that poses danger to the community"); *see also, e.g.*, *United States v. Wills*, 311 F. Supp. 3d 144, 146–47 (D.D.C. 2018) (finding defendant's flight from the police, possession of firearm and ammunition, and drug possession presented clear and convincing evidence for detention); *Williams*, 948 F. Supp. at 696. Thus, the Court likewise finds by clear and convincing evidence that no condition or combination of conditions set forth in 18 U.S.C. § 3142(c) will reasonably assure the safety of the community and the appearance of Defendant as required.

### IV.

Accordingly, Defendant's motion is **DENIED**, and Judge Gentry's detention order is **AFFIRMED** and remains in full effect.

**IT IS SO ORDERED.**

Date:   January 6, 2023                                     s/Michael J. Newman
                                                            Hon. Michael J. Newman
                                                            United States District Judge